RICHARD A. LEWIS,

        Plaintiff,

vs.

MARK GUYETTE,

        Defendant.

_____/

Case No. 1:09-cv-1086

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

This matter is now before the court on defendant Guyette's motion for summary judgment (docket

no. 18).

### I.    Plaintiff's complaint

Plaintiff's action involves a single defendant, Mark Guyette, the Athletic Director

at the Carson City Correctional Facility (DRF).   Plaintiff's amended complaint set forth the

following statement of claim (in his words):

> On November 11, 2007 Defendant Mark Guyette, while working under the
> color of state law, as Corrections Athletic Director, while plaintiff was seting at the
> Score table reading a sports booklet Defendant Guyette swing a large "trash bag"
> deliberately hitting plaintiff in his left eye.   Plaintiff [will?] hereby adopt and
> incorporate the Statement of Common Allegations #6 in his original filing of
> Complaint to save repeating here.   Plaintiff was subjected to cruel and unusual
> punishment to the U.S. Const. 8th.

Amend. Compl. at ¶ IV (docket no. 6).

Paragraph 6 of plaintiff's "Common Allegations" provides additional details of the

incident.  Plaintiff alleged that when Guyette swung a large trash bag and deliberately hit him in the

left eye, Guyette told plaintiff that he should start paying more attention. Compl. at ¶ 6. Guyette also told plaintiff that "[i]f you tell anyone they will not believe you anyway because prisoners have no [credibility] when it comes to staff words." *Id.* Plaintiff further alleged that he took no action that would warrant defendant hitting him, that his physical health and safety have been compromised and that defendant subjected him to "inhumane treatment." *Id.*

## II. Legal Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not required adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. Discussion

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). In analyzing plaintiff's claims, the court must examine whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson*, 503 U.S. at 6. Courts evaluate the injury suffered, "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id*. at 7, quoting *Whitley*, 475 U.S. at 321.

Courts must give deference to actions prison guards take to maintain prison discipline, as long as those actions are taken pursuant to a considered choice and not in bad faith or for no legitimate purpose. *Whitley*, 475 U.S. at 321-22. "[Not every] malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. Although defendant Guyette was not a guard, these general rules regarding a guard's responsibility to maintain prison discipline

and ability to engage in physical interaction with the prisoners should apply with equal force to him: Guyette was an MDOC employee; he was responsible for supervising prisoners; and he interacted with the prison population. *See* Guyette Aff. at ¶¶ 1-6 (docket no. 19-3). Where the use of some force is required to restore order, it does not violate the Eighth Amendment unless the force used is "repugnant to the conscience of mankind" or the force is used "maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 9,10 (citations omitted). While an Eighth Amendment claim need not include a "significant injury," a *de minimis* use of physical force will not support such a claim unless the force used is "of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10.

Defendant Guyette has submitted an affidavit which denied striking plaintiff in the eye. The affidavit provides in pertinent part as follows:

> 1. I am presently, and was at all times relevant to this lawsuit, employed byt the Michigan Department of Corrections (MDOC), as a Corrections Program Coordinator (CPC 11) at Carson City Correctional Facility (DRF) in Carson City, Michigan. My job responsibilities include the supervision of the gym, weight pit, weight room, big yard and unit recreational activities as directed by the Athletic Director and Assistant Deputy Warden of Programs. I also facilitate daily and weekly call-outs as needed and plan, develop, schedule, and supervise intramural prisoner league activities.

> 2. If sworn as a witness, I can testify competently to the facts contained within this affidavit.

> 3. On November 11, 2007 while supervising a Level II Basketball Leargue game, I returned to my office from getting a trash bag to find inmate Lewis #463639 sitting in a chair with his back to me reading a newspaper.

> 4. I told inmate Lewis to get back to work as I reached around his right shoulder and took the newspaper from him with my right hand while holding the trash bag in my left hand.

5.    Lewis stood up and told me that he was going to write me up for physically assaulting him. I told him if he could sell that line of bull to someone up front, more power to him.

6.    At no time did I physically touch any part of Lewis' face with my arm or swing the trash bag at him during this incident.

Guyette Aff. at ¶¶ 1-6. Plaintiff has failed to present a counter affidavit to dispute defendant Guyette's statements. While defendant does not deny the empty[1] trash bag may have contacted plaintiff's eye, there is nothing to indicate it occurred in a malicious or sadistic manner to cause harm, and certainly no genuine issue of material fact Accordingly, defendant Guyette's motion for summary judgment should be granted on this basis.

Even assuming, *arguendo,* that the incident occurred as alleged, there is no evidence that Guyette's action rose to the level of a constitutional violation.[2] Plaintiff has submitted a medical record from November 11, 2007, in which plaintiff reported "that he was hit in left eye with an empty trash bag" during an "alleged altercation." *See* MDOC Medical Record (Nov. 11, 2007) (docket no. 21-2). A nurse examined plaintiff's eye and found it normal except for a "small reddened area lateral to left orbit." *Id.* The nurse assessed plaintiff's treatment as "[a]lteration in comfort secondary to foreign body impact" and issued details for ice and activity restrictions. *Id.* Three days later, plaintiff visited the emergency room at Hackley Hospital complaining of pain

---

[1] See medical report, discussed *infra.*

[2] The court notes that on May 12, 2010, approximately four months after filing his amended complaint, plaintiff filed a document entitled "Affidavit in support of plaintiff's complaint." *See* docket no. 15. Plaintiff filed this affidavit with a motion to file a second amended complaint, which included a copy of the proposed second amended complaint. It appears that this affidavit was intended as a verification to the proposed second amended complaint rather than the amended complaint pending before the court. Nevertheless, in an abundance of caution, the court will assume, in the alternative, that plaintiff's amended complaint was properly verified. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (a verified complaint has the same force and effect as an affidavit for purposes of responding to a motion for summary judgment).

behind the left eye and blurred vision after being hit in the eye with "a plastic bat." *See* Emergency Room records (Nov. 14, 2007) (docket no. 1-3). (This may be in error; the word "bag" appears below this statement and is circled. *Id.* The court notes that plaintiff has never alleged that he was hit with a plastic bat.) A few weeks later, plaintiff had an optometrist appointment during which the doctor recorded that a "trash bag swept across" plaintiff's eye and noted the presence of an abrasion. *See* MDOC Optometric Vision Screening (Dec. 6, 2007) (docket no. 19-4). At a vision screening the following month, an optometrist noted that the abrasion was healed. *See* MDOC Optometric Vision Screening (Jan. 10, 2008) (docket no. 19-4).

The medical records reflect that plaintiff's injury resulted from only a *de minimis* use of force. The quantum of force alleged here, i.e., sweeping an empty trash bag across plaintiff's eye, is not the type of egregious activity that is so "repugnant to the conscience of mankind" as to establish an Eighth Amendment violation *See Hudson*, 503 U.S. at 10. Even if this incidental confrontation occurred as alleged, it did not begin to approach the level necessary to be a federal constitutional violation. Accordingly, defendant Guyette is entitled to summary judgment on this ground as well.

## IV.    Recommendation

For the reasons set forth above, I respectfully recommend that defendant Guyette's motion for summary judgment (docket no. 18) be **GRANTED** and that this action be dismissed.


Dated:  January 10, 2011                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).