UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD A. LEWIS,

    Plaintiff,

v.

MARK GUYETTE,

    Defendant.

_____/

CASE NO. 1:09-CV-1086

HON. ROBERT J. JONKER

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation recommending summary judgment for Defendant Guyette in this matter (docket # 28) and Plaintiff Lewis's Objections to the Report and Recommendation (docket # 29). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Mr. Lewis's objections.

The Magistrate Judge recommends summary judgment in favor of Mr. Guyette based upon two alternative theories. First, the Magistrate Judge notes that Mr. Guyette submitted an affidavit in which Mr. Guyette states affirmatively "At no time did I physically touch any part of Lewis' face with my arm or swing the trash bag at him during this incident." (Report and Recommendation, docket # 28, at 5, quoting Guyette Aff. at ¶¶ 1-6.) The Magistrate Judge observes that "Plaintiff has failed to present a counter-affidavit to dispute defendant Guyette's statements." (*Id.*) He concludes that "[w]hile defendant does not deny the empty trash bag may have contacted plaintiff's eye, there is nothing to indicate it occurred in a malicious or sadistic manner to cause harm, and certainly no genuine issue of material fact," and therefore recommends summary judgment for Mr. Guyette. (*Id.*) Second, the Magistrate Judge reasons that even assuming the incident occurred just as Mr. Lewis described it, "there is no evidence that Guyette's action rose to the level of a constitutional violation," because "[t]he quantum of force alleged here, i.e., sweeping an empty trash bag across plaintiff's eye, is not the type of egregious activity that is so 'repugnant to the conscience of mankind' as to establish an Eighth Amendment violation." (*Id.* at 5-6) (quoting *Hudson v. McMillan*, 503 U.S. 1, 5 (1992)).

Mr. Lewis objects. (Obj., docket # 29.) He asserts that his original complaint and amended complaint were verified. (*Id.* at 1.) The record is not entirely clear concerning whether the amended complaint was verified. Though Mr. Lewis did not file a separate affidavit to verify the amended complaint, the amended complaint incorporates by reference certain portions of the original complaint, which is verified. (docket ## 1, 3, 6.) Further, on May 12, 2010, Mr. Lewis filed a document entitled "Affidavit in support of plaintiff's complaint." (docket # 15.) Mr. Lewis filed

this affidavit along with a motion to file a second amended complaint, which included a copy of the proposed second amended complaint. The affidavit appears to verify the proposed second amended complaint, but as the Magistrate Judge pointed out in conducting his second line of analysis, it may be appropriate to assume in the alternative that the amended complaint was properly verified. (*see* docket # 28 at 5, n. 2.) In any event, Mr. Lewis in his original verified complaint describes the incident differently from Mr. Guyette, and a dispute therefore exists regarding the statements in Mr. Guyette's affidavit. For these reasons, the Court will not adopt the portion of the Report and Recommendation recommending a grant of summary judgment based on a failure to provide an affidavit to dispute Mr. Guyette's sworn statements.

In its second line of analysis, the Report and Recommendation assumes that Mr. Lewis's presentation of the facts is correct and concludes that Mr. Lewis's injury "resulted from only a *de minimis* use of force" that does not rise to the level of a constitutional violation. (Report and Recommendation, docket # 28, at 6.) Mr. Lewis objects that the Magistrate Judge overlooks the severity of the incident and the injury and asserts that a constitutional violation did occur. (Obj., docket # 29, at 2.) The Court disagrees. It is well-established that "not every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The prohibition on cruel and unusual punishment under the Eighth Amendment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Assuming that the incident transpired exactly as Mr. Lewis alleges, it simply does not amount to a violation of the Eighth Amendment. *See Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (finding no constitutional violation where alleged episode of

sexual abuse or harassment was "isolated, brief, and not severe."). Though the alleged incident with Mr. Guyette is "certainly to be condemned if true, it did not rise to the level of a violation of [Mr. Lewis's] constitutional right to be free from cruel and unusual punishment."[1] *Id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 28) is approved and adopted as the opinion of the Court to the extent consistent with this Order.

**IT IS FURTHER ORDERED** that Defendant Guyette's Motion for Summary Judgment (docket # 18 ) is **GRANTED**.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** in its entirety.


Dated:   March 17, 2011                            /s/ Robert J. Jonker
                                                   ROBERT J. JONKER
                                                   UNITED STATES DISTRICT JUDGE

---

[1] Mr. Lewis has not asserted any state law tort claim in this action, and the Court expresses no opinion regarding the potential merits of any such claim.